UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

          Plaintiff,

          v.

ORLANDO YELDER,

          Defendant.
_____

Case # 18-CR-6084-FPG

DECISION AND ORDER

      Defendant Orlando Yelder has filed a Motion to Return Property pursuant to Rule 41(g). ECF No. 114.  He alleges that, in connection with his sentencing on September 30, 2022, the following items were seized from his person: (1) Approximately $1,100 in U.S. currency, (2) a gold watch, (3) a brown and black belt, (4) two diamond earrings, (5) a wallet with identification, his Social Security Card and Credit Cards, and (6) an iPhone. *Id.* at 1.  The government responds that the gold watch, earrings, and wallet with identification cards and credit cards are currently in custody at the ATF Rochester Field Office.  ECF No. 116 at 2. The government denies having possession of the black and brown belt. *Id.* The government has offered to return the gold watch, earrings, and wallet with identification cards and credit cards.

      However, the government asks that Defendant's motion respecting the $1,100 in U.S. Currency and the iPhone be denied. Respecting the $1,100 U.S. Currency, the government believes this money is part of the $10,581 U.S. currency that was administratively forfeited to the ATF on August 2, 2018, as proceeds of a crime. ECF No. 116 at 3. The $10,581 U.S. currency was recovered during the execution of a search warrant on January 29, 2018 and is made up of $9,060 that was recovered from a box in 2519 Brighton Henrietta Town Line Road, and $1,521 that was recovered from the defendant's person. *Id.* The government highlights that pursuant to his plea

agreement, Defendant agreed not to contest the administrative forfeiture. *Id*. Respecting the iPhone, the government notes that Defendant has not precisely identified the iPhone at issue, but based on Defendants' allegations, the government believes that it is evidence of a crime and is the iPhone that was received as an exhibit in a case that is currently on appeal to the Second Circuit.

Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). "A Rule 41(g) motion that is brought after the criminal proceeding is over is treated as a civil equitable action." *Diaz v. United States*, 517 F.3d 608, 610 (2d Cir. 2008). In other words, this Court must treat Defendant's motion as "a civil complaint." *United States v. David*, 131 F.3d 55, 61 (2d Cir. 1997).

Therefore, Defendant's motion (ECF No. 114) is DENIED WITHOUT PREJUDICE to renewal in the context of a separate civil action.[1] The Clerk of Court is directed to (a) file Defendant's motion (ECF No. 114) as the complaint in a new, separate civil action against the United States, (b) notify Defendant of the docket number for his new civil action, and (c) assign the undersigned as the presiding judge in the new civil action.

In connection with his new civil action, **by October 27, 2023**, Defendant shall either provide (1) a properly supported motion to proceed *in forma pauperis* along with the required certification of Defendant's inmate trust fund account (or institutional equivalent) and authorization form, or (2) the $350.00 filing fee and the $52.00 administrative fee ($402.00 total). *See, e.g.*, *Kee v. United States*, No. 20-CV-1840, 2020 WL 2115350, at *2 (S.D.N.Y. May 4, 2020)

---

[1] Although Defendant's motion will be litigated in the new civil action, Defendant is also permitted to contact counsel for the government to coordinate the transfer of his gold watch, earrings, and wallet with identification cards and credit cards to a representative of Defendant. As noted, the government concedes those items could be returned. *See* ECF No. 116 at 2.

("Courts in this Circuit have held that for a new civil action seeking the return of property, the plaintiff must either pay the fees associated with filing a new complaint or seek leave to proceed IFP."). If Defendant fails to do so, the Court will direct the Clerk of Court to administratively terminate the new civil action. In addition, **by October 27, 2023**, Defendant shall file an amended complaint in the new civil action in which he (a) specifically identifies *each* item of property at issue, the date on which it was seized and the circumstances of seizure and (b) provides sufficient allegations to state a claim for relief under Rule 41(g).

    IT IS SO ORDERED.

Dated: September 27, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York